UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| Jeffrey Dobbins, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No.: 1:24-cv-1309 |
| | ) |
| Valentine & Kebartas, LLC, | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT SEEKING DAMAGES FOR VIOLATION OF
THE FAIR DEBT COLLECTION PRACTICES ACT AND REGULATION F**

**Introduction**

1. This is an action for actual and statutory damages, legal fees and costs pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et. seq* (hereinafter referred to as the "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices. Id.

2. The purpose of the FDCPA is to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. Id. Congress enacted the Fair Debt Collection Practices Act (FDCPA) to combat debt collectors' use of abusive practices to collect debts. Federal Debt Collection Procedures Act of 1990, § 807(e), 15 U.S.C.A. § 1692(e). *See also,* Pollice v. Nat'l Tax Funding, L.P., 225 F.3d 379, 400 (3d Cir.2000).

3. If a violation occurs, "the FDCPA is a strict liability statute that makes debt collectors liable for violations that are not knowing or intentional." Donohue v. Quick Collect, Inc., 592 F.3d 1027, 1030 (9th Cir. 2010).

4. Even a single violation of the FDCPA is sufficient to support liability. Taylor vs. Perrin, Landry, deLaunay, & Durand, 103 F.3d 1232, 1238 (5th Cir. 1997).

**Jurisdiction**

5. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

**Venue**

6. Venue is proper in this Judicial District.

7. The acts and transactions alleged herein occurred in this Judicial District.

8. The Plaintiff resides in this Judicial District.

9. The Defendant transacts business in this Judicial District.

## Parties

10. The Plaintiff, Jeffrey Dobbins, is a natural person.

11. The Plaintiff is a "consumer" as that term is defined by § 1692a.

12. The Plaintiff is "any person" as that term is used in 15 U.S.C. § 1692d preface.

13. The Defendant, Valentine & Kebartas, LLC (hereinafter "Defendant"), a debt collection agency and/or debt purchaser operating from an address at 15 Union Street, Suite 202, Lawrence, MA 01840.

14. The Defendant is a debt collection agency licensed by the State of Indiana. *See Exhibit "1" attached hereto.*

15. Defendant regularly attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

16. The Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

## Factual Allegations

17. The Defendant is a debt collection agency attempting to collect a debt from Plaintiff.

18. The Plaintiff incurred a debt to that was for primarily for personal, family or household purposes as defined by §1692(a)(5).

19. The debt owed by Plaintiff went into default.

20. After the debt went into default the debt was placed or otherwise transferred to the Defendant for collection.

21. The Plaintiff disputes the debt.

22. The Plaintiff requests that the Defendant cease all further communication on the debt.

23. The Defendant's collector(s) were employee(s) and/or representative(s) of the Defendant at all times mentioned herein.

24. The Defendant acted at all times mentioned herein through its employee(s) and/or representative(s).

25. Under the FDCPA, without the consent of the consumer or a court, a debt collector may not "communicate with a consumer in connection with the collection of any debt… at any unusual time or place or a time or place *known to be inconvenient to the consumer…*" Rush v. Portfolio Recovery Assoc. LLC., 977 F.Supp.2d 414 (2013) (quoting 15 U.S.C. § 1692c(a)(1)) (emphasis added). Communications are also inconvenient if made at times the collector knowns or should know are inconvenient. *See* Petri v. Balarity, LLC., 2015 WL 13650911 (E.D. Mo. Mar. 13, 2015).

26. Specifically, 15 U.S. Code § 1692c states as follows:

    (a)    Communication with the Consumer Generally
    Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt—
    (1) at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer.

    *See* 15 U.S. Code § 1692c.

27. On Wednesday, May 8, 2024, Plaintiff sent a letter to Defendant via the U.S. Postal System. In this letter, Plaintiff informed defendant of the time which is inconvenient for Plaintiff to be contacted regarding the debt at issue in this matter. The letter stated as follows:

    "I realize that you are attempting to get in touch with me. Please keep in mind that it is inconvenient for you to contact me in any way whatsoever (this includes emails and phone calls) from 8am to 6pm because of my work schedule. You may attempt to contact me regarding this delinquent account after this time."

*See Ex. 2 attached hereto.*

28. A second letter containing the same content was mailed to Defendant on Monday, May 13, 2024, also stating as follows:

    "I realize that you are attempting to get in touch with me. Please keep in mind that it is inconvenient for you to contact me in any way whatsoever (this includes emails and phone calls) from 8am to 6pm because of my work schedule. You may attempt to contact me regarding this delinquent account after this time."

*See Ex. 2 attached hereto.*

29. Both letters were mailed to Defendant at the address of P.O. Box 325, Lawrence, MA 01842.

30. Upon information and belief, Respondent received the aforementioned letters. The law presumes timely delivery of a properly addressed piece of mail. *See* Hagner v. United States, 52 S.Ct. 417, 430, 285 U.S. 427, 76 L.Ed. 861 (1932)("[t]he rule is well settled that proof that a letter properly directed was placed in a post office creates a presumption that it reached its destination in usual time and was actually received by the person to whom it was addressed"); *see also* Bobbit v. Freeman Cos., 268 F.3d 535, 538 (7th Cir. 2001); Hayes v. Potter, 310 F.3d 979, 982 (7th Cir. 2002) ("We will generally presume timely delivery of properly addressed mail"); Mahon v. Credit Bureau of Placer County, Inc., 171 F.3d 1197 (9th Cir. 1999)(applying the Mailbox Rule to an FDCPA case); In re Bruce, 610 B.R. 603 (Bankr.E.D. Wis. 2019); Lavallee v. Med-1 Solutions, LLC, 2017 U.S. Dist.LEXIS 162508 at *8 - *9 (S.D. Ind. 2017)(Applying the Mailbox Rule to an FDCPA case).

31. Despite being advised on two (2) separate occasions that it is inconvenient for Plaintiff to be disturbed during the hours of 8am and 6pm, on June 5, 2024 at 1:38 pm, June 6, 2024, and June 18, 2024 at 4:36 pm, on June 22 at 3:09 pm, on June 27 at 6:23 pm, on July 28 at 1:48 pm, on July 29 at 7:47 pm, and on July 30 at 3:14 pm, Defendant contacted Plaintiff via text message in an attempt to collect the debt at issue in this matter. Additionally, Defendant has contacted Plaintiff numerous times during the inconvenient period outlined by Plaintiff. The aforementioned text messages were during Plaintiff's communicated inconvenient hours. These contacts constitute a disruption for the Plaintiff. *See Ex. 3 attached hereto.*

32. After receipt of the aforementioned letters, the Defendant had more than enough time to update its systems regarding when to contact the Plaintiff. *See, e.g.*, Herbert v. Monterey Financial Services, Inc., 863 F.Supp. 76 (D.Conn. 1994)(District Court ruling that five days was sufficient time for debt collection agency to update its system that the consumer had legal representation).

33. The Defendant's violation of the FDCPA is material because Defendant's failure to contact Plaintiff during a convenient time period would make an unsophisticated consumer believe that they did not have the rights Congress had granted to them under the FDCPA. This violation of the FDCPA is sufficient to show an injury-in-fact. Defendant's collection actions alarmed, confused, and distressed Plaintiff. Defendant's collection actions constituted an illegal invasion of Plaintiff's privacy and constituted an intrusion on Plaintiff's seclusion.

34. Unwanted telephone calls and text messages confer standing on the Plaintiff. *See* Gadelhak v. AT&T Services, Inc., 950 F.3d 458 (7th Cir. 2020); Ward v. NPAS, Inc., 63 F.4th 576 (6th Cir. 2023); Krakauer v. Dish Network, LLC, 925 F.3d 643 (4th Cir. 2019); Perez v. McCreary, Veselka, Bragg, & Allen, P.C., 45 F.4th 816 (5th Cir. 2022); Van Patten v. Vertical Fitness Group, LLC, 847 F.3d 103 (9th Cir. 2017); Melito v. Experian

Marketing Solutions, Inc., 923 F.3d 85 (2d Cir. 2019); Cranor v. 5 Star Nutrition, LLC, 998 F.3d 686 (5th Cir. 2021); Susinno v. Work Out World, Inc., 862 F.3d 346 (3d Cir. 2017); Lupia v. Medicredit, Inc., 8 F.4th 1184 (10th Cir. 2021).

35. The Defendant's violation of the FDCPA is a material violation of the statute.

36. Defendant was notified twice in writing of the time known to be inconvenient to Plaintiff. Defendant, in clear violation of 15 U.S. Code § 1692c, ignored Plaintiff's writings and continued to contact Plaintiff during inconvenient hours which were known to them.

37. On August 1, 2024, Plaintiff sent another letter to Defendant regarding this matter. *See Ex. 4 attached hereto*.

38. As a result of Defendant's wrongful conduct, Plaintiff has had to expend her financial resources on this matter. Because Plaintiff had to expend her financial resources, Plaintiff has standing to bring this case. *See* Brandt v. Vill. Of Winneka, Ills., 612 F.3d 647, 649 (7th Cir. 2011)("[b]ut standing shall be conferred 'when a plaintiff suffers actual or impending injury, no matter how small; when that injury is caused by defendant's acts'"). *See also* Mack v. Resurgent Services, L.P., 70 F.4th 395 (7th Cir. 2023).

39. The Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. *See* Gammon vs. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**First Claim for Relief:**
**Violation of the FDCPA**

1. The allegations of Paragraphs 1 through 39 of the complaint are realleged and incorporated herein by reference.

2. Defendant's acts and omissions constitute a violation of 15 U.S.C. §1692c.

3. The Defendant's acts and omissions intended to harass the Plaintiff in violation of the FDCPA pursuant to the preface of 15 U.S.C. § 1692d.

4. As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages of $1,000 per defendant, attorney fees, and costs.

**Second Claim for Relief:**
**Violation of Regulation F**

1. The allegations of Paragraphs 1 through 39 of the complaint are realleged and incorporated herein by reference.

2. Defendant's acts and omissions constitute a violation of 12 C.F.R. 1006.6(b)(1).

3. As a result of the above violation of Regulation F, Defendant is liable to Plaintiff for actual damages, statutory damages of $1,000 per defendant, attorney fees, and costs.

## Prayer for Relief

WHEREFORE, the Plaintiff prays that the Court grant the following:

1. A finding that the Defendant violated the FDCPA and/or an admission from the Defendant that it violated the FDCPA.

2. Actual damages under 15 U.S.C. § 1692k(a)(1).

3. Statutory damages under 15 U.S.C. § 1692k(a)(2)(A).

4. Reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

5. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ John T. Steinkamp
John T. Steinkamp
John Steinkamp & Associates
5214 S. East Street, Suite D1
Indianapolis, IN 46227
Office: (317) 780-8300
Fax: (317) 217-1320
Email: john@johnsteinkampandassociates.com